UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HENRY MITCHELL ET AL. | CIVIL ACTION |
| v. | NO. 12-1809 |
| LAWRENCE SCHRAEDER ET AL. | SECTION F |

ORDER

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memorandum in opposition to plaintiff's motion to declare the terms of the binding settlement enforced and to withdraw as counsel of record, noticed for submission on January 9, 2013, has been submitted.

Accordingly, the motion is deemed to be unopposed, and further, it appearing to the Court that the motion has merit,[1] IT

---

[1] This dispute arises out of the execution of settlement documents.
   Ron Austin was retained by plaintiffs Henry and Trina Mitchell to represent them on a contingency basis in which plaintiffs agreed to pay Austin 40% of any award recovered. The parties agreed to settle all claims in this case for $160,000. Austin agreed to reduce the attorney's fee portion of the settlement from 40% to 37.5%, making the attorney's fee portion of the settlement $60,000. The settlement funds were placed in Austin's trust account. All outstanding expenses and liens have been satisfied and were paid out of the attorney's fee portion of the settlement.
   At the time the plaintiffs received their settlement proceeds, Austin provided plaintiffs with a disbursement sheet. This disbursement sheet contained a receipt and release that was executed by plaintiffs on September 21, 2012, acknowledging receipt of the $100,000 and further stating that plaintiffs were

thoroughly satisfied with the amount of the settlement and the attorney's handling of the case. Austin believed that the executed settlement documents had been returned to defendants' counsel at that time. Defense counsel later notified Austin that he had not received the executed settlement documents. After a search of Austin's office, the documents could not be located, so defense counsel agreed to resend the documents for execution by Austin and plaintiffs.

On November 14, 2012, defendants filed a motion to enforce the settlement and compel execution of the settlement documents. On December 6, 2012, this Court granted defendants motion as unopposed, and further ordered that the plaintiff's counsel sign and return the documents to defense counsel no later than December 14, 2012, or face sanctions. Austin notified the plaintiffs multiple times that the documents needed to be signed.

Plaintiffs came to Austin's office and refused to execute the settlement documents unless Austin gave them an additional $10,000, an amount Austin contends they are not entitled to receive. Austin asserts that he has done everything in his power to get plaintiffs to execute the documents. While in his office, plaintiffs became loud, used profanity, and acted in a threatening manner to Austin and his staff. On December 14, 2012, counsel for plaintiff filed this current motion seeking to have this Court declare that the terms of the binding settlement have been enforced and to withdraw as counsel of record.

Under Louisiana law, a compromise agreement is defined as a "contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." La. Civ. Code Ann. art. 3071 (2012). Louisiana Civil Code also requires that a compromise be reduced to writing. Article 3072 provides that "[a] compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible to being transcribed from the record of the proceedings." La. Civ. Code Ann. art. 3072. Courts have held that although the agreement must be in writing, the agreement does not necessarily have to be contained in one document; the writing requirement is satisfied if separate documents, when read together, indicate the end of a lawsuit and outline the obligations of each party. See, e.g., Felder v. Ga. Pac. Corp., 405 So. 2d 521, 523 (La. 1981); Michot v. Mose, 94-784 (10/17/94); 649 So. 2d 441.

Here, the parties reached an agreement and the required writings were exchanged between counsel confirming the terms of the settlement. It is undisputed that Austin executed the settlement documents provided by defense counsel, and that he executed the joint motion to dismiss. Plaintiffs, however, now

2

IS ORDERED that plaintiff's motion to declare the terms of the binding settlement enforced and to withdraw as counsel of record is GRANTED in part regarding the enforcement of the settlement terms, and DENIED in part regarding the request to withdrawal as counsel of record, because plaintiff failed to comply with Local Rule 83.2.11.

                New Orleans, Louisiana, January 9, 2013

                _____
                   MARTIN L. C. FELDMAN
                 UNITED STATES DISTRICT JUDGE

---

refuse to sign the required documents although they signed a receipt and release document on September 21, 2012. Plaintiffs have received their settlement funds, and the language of the signed receipt and release supports a finding that a compromise has been reached. Accordingly, the Court finds that the binding terms of the settlement agreement have been executed.